IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AHMAD YAZDCHI, *et al.*, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-04-1493 | |
| § | | |
| AMERICAN NATIONAL PROPERTY § | | |
| AND CASUALTY CO., *et al.*, § | | |
|    Defendants. § | | |

## ORDER

The Court, in its Memorandum and Order entered March 31, 2005 [Doc. # 52], dismissed this case for lack of subject matter jurisdiction. The case is now before the Court on Plaintiffs' Motion for New Trial or to Reconsider [Doc. # 54], to which Defendant Team Fleet Financing Corporation filed a Response [Doc. # 55], and Plaintiffs filed a Reply [Doc. # 56]. The Court denies Plaintiffs' Motion.

After the Court dismissed Plaintiffs' case in August 2004 for failing to present a basis for this Court's subject matter jurisdiction [Doc. # 5], Plaintiffs obtained leave to file an Amended Complaint [Doc. # 12] dismissing two non-diverse defendants. The Amended Complaint did not dismiss Enterprise Rent-A-Car ("Enterprise") as a defendant.

At the initial pretrial conference in November 2004, the Court issued a Docket Control Order [Doc. # 31] with a December 31, 2004 deadline for amendments to pleadings. On December 30, 2004, Plaintiffs filed a Second Amended Complaint [Doc. # 36], but again Plaintiffs did not dismiss Enterprise as a defendant.

Finding that Plaintiff Abbas Yazdchi and Defendant Enterprise are both citizens of Texas for purposes of diversity jurisdiction, the Court dismissed this case for lack of subject matter jurisdiction. Now, after the case has been dismissed, Plaintiffs seek to amend their complaint to dismiss Enterprise, the remaining non-diverse defendant.

Initially, the Court notes that the deadline for amendments to pleadings expired months ago. Moreover, Plaintiffs previously filed an Amended Complaint dismissing non-diverse defendants but did not dismiss Enterprise at that time. As a final matter, Plaintiffs have not shown that the Court's dismissal of this case was clear error or manifest injustice. *See Westbrook v. Commissioner of Internal Revenue*, 68 F.3d 868, 879 (5th Cir. 1995) ("Reconsideration of proceedings is generally denied in the absence of 'substantial error' or 'unusual circumstances.'" (citation omitted)). Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for New Trial or to Reconsider [Doc. # 54] is **DENIED**.

SIGNED at Houston, Texas this **5th** day of **May, 2005.**

_____
Nancy F. Atlas
United States District Judge